UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROME ROBERT DENNIS, | No. 2:19-cv-828-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CASTRILLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983 who seeks leave to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed in Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

<u>Screening</u>

I. <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.  Analysis

Plaintiff alleges that, at some unspecified point prior to June 26, 2017, he had filed a staff complaint against defendant Castrillo[1] (a medical technician assistant or "MTA" at the California Medical Facility) for sexual assault and harassment. ECF No. 11 at 3. He claims that, as a result of the complaint, Castrillo was barred from conducting searches of plaintiff's person. *Id.* On June 26, 2017, plaintiff was waiting to attend evening dayroom – entrance into which required a pat down search. *Id.* Castrillo was present and allegedly attempted to pat search plaintiff in contravention of the prior administrative order. *Id.* at 3-4. Plaintiff refused the search and pointed out that Castrillo was barred from enacting it. *Id.* at 4. Castrillo allegedly responded by

---

[1] This defendant is alternatively referred to as "Castrillo" and "Castillo" in the complaint. The spelling "Castrillo" is used in the "defendants" section of the complaint form and the court will adopt it for the purposes of this order.

2

yelling at plaintiff and telling him "you need to come out of the closet, everyone knows your (sic) gay." *Id.* He then ordered plaintiff returned to his cell. *Id.* Plaintiff alleges that Castrillo's actions were undertaken in retaliation for his earlier administrative complaint against the same. *Id.* at 5-6.

Plaintiff alleges that he spoke to defendant "John Doe" – the senior MTA on staff - on June 26, 2017 and after Castrillo attempted to search him. *Id.* at 4. He told Doe that Castrillo was retaliating against him and the latter allegedly replied by stating "you deserve everything that's happening to you." *Id.*

The court finds that, for screening purposes, plaintiff has stated a cognizable First Amendment retaliation claim against defendants Castrillo and Doe. In so doing, the court notes that the allegations do not establish facts which, taken as true, establish direct evidence of retaliation. The Ninth Circuit has held that a retaliation claim is adequately pleaded where a chronology of events allows retaliation to be inferred, however. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal."). The allegations at bar support such an inference.

The court will also dismiss plaintiff's claims against defendants L. Avsdin and "Jane Doe" with leave to amend. With respect to Avsdin, plaintiff alleges only that she processed his administrative grievance regarding the foregoing retaliation. This does not state an actionable constitutional claim. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). And, after review of the complaint, the court cannot determine what wrongdoing, if any, is being attributed to defendant Jane Doe. She is named in the "defendants" section of the complaint form, but no discernable allegations are stated against her in the body of the complaint.

/////

/////

/////

3

III. Leave to Amend

Plaintiff may proceed only with his claims against Castrillo and John Doe[2] or he may elect to submit an amended complaint. Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names

---

[2] It goes without saying that John Doe cannot be served until he is identified. Accordingly, the court will not order service of process for this defendant. If plaintiff ascertains John Doe's identity during discovery, he may amend his complaint to reflect the appropriate name. The court will direct service only once a name is provided.

4

actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's complaint alleges, for screening purposes, a viable First Amendment retaliation claim against defendants Castrillo and John Doe.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint;

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service as to defendant Castrillo at that time;

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: December 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROME ROBERT DENNIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASTRILLO, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-828-JAM-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment retaliation claim against defendants Castrillo and John Doe

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
　　　　　　　　　　　　　　Plaintiff