UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROME ROBERT DENNIS, | Case No. 2:19-cv-00828-JAM-JDP (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT: |
| v. | DEFENDANT CASTRILLO'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| CASTRILLO, *et al.*, | |
| Defendants. | CLAIM AGAINST UNNAMED DEFENDANT DOE BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 4(m) |
| | ECF No. 31 |
| | OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff stated a First Amendment retaliation claim against defendants Castrillo and Doe, alleging that they threatened him and made comments about his sexual orientation in retaliation for his complaints that Castrillo sexually assaulted or harassed him. Defendant Castrillo moves for summary judgment, arguing that he did not engage in retaliation and that plaintiff failed to exhaust his administrative remedies before filing this suit. I recommend granting defendant's motion on the grounds that plaintiff did not exhaust his administrative remedies. I also recommend dismissing the remaining claim against defendant Doe.

**Background**

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff alleged that, in early 2017, he was subjected to sexual assault and harassment during pat-down searches by defendant Castrillo—a Medical Technician Assistant ("MTA").  ECF No. 11 at 3.  Plaintiff complained about this issue at a "community meeting," leading to an agreement between plaintiff and defendant—brokered by a staff social worker—that pat-down searches of plaintiff would thereafter be performed by someone other than Castrillo.  ECF No. 31-2 at 15.[1]  Roughly four months later, on June 26, 2017, plaintiff alleges that Castrillo again tried to pat him down in violation of the agreement.  ECF No. 11 at 3.  Later that day, plaintiff produced a "602" grievance describing Castrillo's behavior.  *See* ECF Nos. 11 at 4, 13; 31-2 at 32.

Plaintiff describes a pattern of retaliation in response to this grievance's filing. *See* ECF Nos. 11, 31-2 at 32-35, 33 at 3-4.  A few days following the grievance, Castrillo allegedly came to plaintiff's cell and asked why plaintiff had filed it.  *See* ECF No. 31-2 at 32. Within weeks, Castrillo allegedly became hostile and said things like, "you need to come out [of] the closet, everyone knows you['re] gay."  *See* ECF Nos. 11 at 4, 31-2 at 33-34, 33 at 2-3. Although the complaint is ambiguous about the timing of this retaliation, plaintiff's deposition testimony and motion for summary judgment clarify that the retaliation began after—and in response to—the June 26 grievance filing.  *See* ECF No. 33 at 2-3 (explaining that "[t]he retaliation happen[ed] within days of [filing a] 602," and that Castrillo's insinuations came "only after [plaintiff] filed a 602").[2]

Plaintiff is now proceeding on a First Amendment retaliation claim against defendants Castrillo and Doe.  ECF No. 12.  Defendant Castrillo's motion for summary judgment,

---

[1] Notably, the complaint characterized plaintiff as filing a "staff complaint," and the screening order accepted this characterization.  *See* ECF Nos. 11, 12.  In his deposition testimony, plaintiff clarified that he had made an informal complaint at a community meeting, rather than a formal grievance.  *See* ECF No. 31-2 at 15.

[2] This account corrects the characterization in a prior screening order, which interpreted the complaint as alleging adverse actions on June 26 in response to a staff complaint filed months prior.  *See* ECF No. 12.

2

ECF No. 31, is now before the court.

## Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). A dispute of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the non-moving party" and "all justifiable inferences" must be drawn in favor of the non-moving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

In a summary judgment motion for failure to exhaust, the defendant has the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. The ultimate burden of persuasion remains with defendant, however. *Id*.

### PLRA Exhaustion

Defendant argues that plaintiff did not exhaust his administrative remedies before filing

1  suit, thus failing to satisfy a requirement of the Prison Litigation Reform Act ("PLRA"), 42
2  U.S.C. § 1997e(a).  ECF No. 31.  Under the PLRA, "[n]o action shall be brought with respect to
3  prison conditions under [§ 1983] . . . by a prisoner confined in any jail, prison, or other
4  correctional facility until such administrative remedies as are available are exhausted."
5  § 1997e(a).  The PLRA recognizes no exception to the exhaustion requirement, with the
6  significant qualifier that an inmate need only exhaust those remedies that are in fact "available."
7  *Ross v. Blake*, 578 U.S. 632, 648 (2016).

8        To satisfy the PLRA's exhaustion requirement, a plaintiff's administrative appeals must
9  "provide enough information . . . to allow prison officials to take appropriate responsive
10  measures."  *Griffin v. Arpaio*, 557 F. 3d 1117, 1121 (9th Cir. 2009).  The California prison
11  system's grievance regulations define how detailed a grievance must be to satisfy the PLRA's
12  exhaustion requirement.  *Id.* at 218.  These regulations require prisoners to "describe the specific
13  issue under appeal and the relief requested . . .[,] list all staff member(s) involved . . .[,] describe
14  their involvement in the issue . . .[, and] state all facts known and available to him."  Cal. Code
15  Regs. tit. 15 § 3084.2(a).  If the court concludes that plaintiff has failed to exhaust available
16  remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred
17  by § 1997e(a).  *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164,
18  1175-76 (9th Cir. 2005).

19        I find that plaintiff did not exhaust his administrative remedies against defendant Castrillo
20  before filing this suit.  Plaintiff filed one grievance, on June 26, 2017, explaining that defendant
21  Castrillo attempted to pat him down despite previously having agreed not to do so.  ECF No. 11
22  at 15.  In his motion in opposition to summary judgment, plaintiff clarified that the filing of this
23  grievance—rather than that of any predating June 26, 2017—was the protected conduct
24  motivating the alleged retaliation.  *See* ECF No. 33 at 3-4.  In plaintiff's words, "it was only after
25  I filed a 602 and the [August 1] PREA interview" that Castrillo began "calling me gay and
26  embarrassing me in front of staff and inmate."  *Id.* at 4.  Plaintiff concedes, in his deposition, that
27  he did not file a subsequent grievance concerning Castrillo's retaliatory behavior.  ECF No. 31-2
28

1    at 35.³

2    Plaintiff does not contest this characterization; rather, he argues that the failure to file a
3    second grievance should be excused on the grounds that staff did not deliver two grievances that
4    he attempted to file. ECF No. 33 at 2. It is true that, in some cases, a prison official's improper
5    failure to process a prisoner's grievance can render that remedy unavailable, thus excusing a lack
6    of exhaustion. *See, e.g.*, *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). But where, as
7    here, defendant has met his burden of showing that plaintiff did not exhaust his remedies, the
8    burden rests with plaintiff to produce evidence showing that his remedies were effectively
9    unavailable. *See Albino*, 747 F.3d at 1172.

10   Plaintiff has not met this burden. He points to no documentation at all to support his
11   allegations of non-delivery, such as copies of the grievances. *See* ECF Nos. 11, 33. Also
12   weighing against him is the fact that he was able to file several grievances in this period—most
13   importantly the September grievances related to the unnamed defendant's alleged retaliation—
14   suggesting that the grievance process was available to him. *See supra*, n.3. In the absence of
15   something more than bare allegations, plaintiff cannot be found to have created a genuine dispute
16   of fact over whether the grievance system was unavailable to him. *See F.T.C. v Publ'g Clearing*
17   *House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (holding "[a] conclusory, self-serving affidavit,
18   lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of
19   material fact"); *Otto v. Quinn*, No. EDCV 16-1883 AB (AS), 2019 WL 4221090, at *4 (C.D. Cal.
20   June 6, 2019) (finding that plaintiff's "conclusory and unsupported assertion that he exhausted his
21   administrative remedies is insufficient to avoid summary judgment"); *Jeffries v. Fields*, No. CV
22   12-1351 R(JC), 2014 WL 994908, at *18 (C.D. Cal. Mar. 10, 2014) (finding the plaintiff's
23   conclusory assertion that defendants tampered with his grievance "insufficient to demonstrate that
24   any failure to exhaust was excused due to misconduct by prison officials that rendered further

---

³ Plaintiff did file later grievances, but—he clarifies in his deposition—they related only to the retaliatory threats by defendant John Doe. ECF No. 34 at 11-12. This claim is corroborated by the grievance log provided by defendant. ECF No. 31-2 at 53. There is no indication that these grievances, only one of which was exhausted, pertain to defendant Castrillo's retaliatory conduct.

administrative remedies unavailable"). Accordingly, I recommend granting defendant Castrillo's motion for summary judgment and dismissing plaintiff's claim against him.

### Unnamed Defendant John Doe

Only plaintiff's claim against the John Doe defendant remains. Although "the use of 'John Doe' to identify a defendant is not favored," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds," *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

The court accorded plaintiff this opportunity in its January 2020 service order, explaining that defendant Doe could not be served before being identified and noting that plaintiff could amend his complaint if the defendant's identity were ascertained during discovery. ECF No. 17 at n.1. The April 2020 scheduling order provided that the parties could conduct discovery until September 25, 2020, and that any motions to amend the complaint would need to be filed not later than that date. ECF No. 23. After one extension, discovery closed on December 24, 2020. ECF No. 26. Plaintiff has not moved to amend his complaint, moved to substitute a defendant, or otherwise notified the court of the identity of defendant Doe.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). This 90-day deadline under Rule 4(m) applies to service on unnamed defendants. *See Bulgara v. Cty. of Stanislaus*, No. 1:18-cv-00804-DAD-SAB, 2020 WL 5366306, at *5 (E.D. Cal. Sept. 8, 2020), report and recommendation adopted, No. 1:18-cv-00804-DAD-SAB (PS), 2021 WL 1105255 (E.D. Cal. Mar. 23, 2021) (dismissing action against "Doe defendants" for failure to serve within Rule 4(m)'s 90-day deadline). In this case, well over 90 days have elapsed since the filing of

7

1 plaintiff's signed complaint on September 11, 2019. ECF No. 11. Plaintiff has therefore failed to
2 serve the defendant Doe in compliance with Rule 4(m).

3 In addition to Rule 4(m)'s requirements, "a court may dismiss a defendant, a claim[,] or
4 an action based on a party's failure to prosecute an action[,] failure to obey a court order, or
5 failure to comply with local rules." *Bulgara*, 2020 WL 5366306, at *5 (citing *Ferdik v. Bonzelet*,
6 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
7 amendment of complaint), *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
8 for failure to prosecute and to comply with local rules)). Plaintiff received multiple advisements
9 that he was required to amend his complaint to identify the defendants so that the complaint could
10 be served. ECF Nos. 17, 23. Discovery has closed and the deadline to amend the pleadings has
11 passed without plaintiff filing anything to indicate that he has identified defendant Doe. Where
12 plaintiff has failed to effect service in accordance with Rule 4(m) and has failed to comply with
13 the orders instructing him to identify the defendant before the close of discovery, dismissal of a
14 Doe defendant is warranted. *See Williby v. California*, 276 F. App'x 663, 665 (9th Cir. 2008)
15 (holding district court's sua sponte dismissal of Doe defendants was merited where plaintiff had
16 failed to identify defendants within allotted discovery period); *Bulgara*, 2020 WL 5366306, at *5
17 (recommending dismissal of Doe defendants, without additional notice, for failure to effect
18 service under Rule 4(m) where defendants were not identified within the allotted discovery
19 period). Accordingly, I recommend that defendant Doe be dismissed from this action.

**Conclusion**

21 Accordingly, it is hereby recommended that:

22 1. Defendant Castrillo's motion for summary judgment, ECF No. 31, be granted for
23 failure to exhaust administrative remedies;

24 2. Plaintiff's First Amendment claim against defendant Castrillo be dismissed;

25 3. Plaintiff's claim against defendant Doe be dismissed; and

26 4. The Clerk of Court be directed to close the case.

27 I submit these findings and recommendations to the district judge under 28 U.S.C.
28 § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   November 4, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE